**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-1443**

MANEKE L. PURCHASE,

Plaintiff - Appellant,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

Defendant – Appellee.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Dever III, District Judge. (5:06-cv-00089-D)

Submitted: March 25, 2009          Decided: April 28, 2009

Before TRAXLER and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Angela Newell Gray, GRAY NEWELL, LLP, Greensboro, North Carolina, for Appellant. George E. B. Holding, United States Attorney, Anne M. Hayes, Steve R. Matheny, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Maneke L. Purchase filed this action against the Commissioner of Social Security, alleging violations of Title VII, 42 U.S.C. §§ 2000e to 2000e-17 (2000). Specifically, Purchase contended her employers subjected her to discriminatory termination, discriminatory denial of training, and discriminatory discipline, all in violation of Title VII. The district court granted Astrue's motion for summary judgment. We affirm.

We review a district court's order granting summary judgment de novo, drawing reasonable inferences in the light most favorable to the non-moving party. See Nader v. Blair, 549 F.3d 953, 958 (4th Cir. 2008). Summary judgment may be granted only when "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

To survive summary judgment on her discrimination claims, Purchase must either come forth with direct evidence of discrimination or establish a prima facie case of discrimination under McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). Purchase submitted no direct evidence of racial discrimination in her termination. Thus, in order to establish a prima facie case of discriminatory termination, she must show that: (1) she is a member of a protected class; (2) she was

2

qualified for her job and performing at a satisfactory level; (3) she was terminated; and (4) she was replaced by a similarly situated applicant outside her protected class. See St. Mary's Honor Center v. Hicks, 509 U.S. 502, 506 (1993); Williams v. Cerberonics, Inc., 871 F.2d 452, 455 (4th Cir. 1989). Where a plaintiff makes such a showing, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the employment action. McDonnell Douglas, 411 U.S. at 802. If the employer produces a legitimate reason for the action, the burden once again shifts to the plaintiff to show that the employer's rationale is just a pretext for discrimination. Id. at 804.

Here, it is clear that Purchase fails to establish even a prima facie case of discriminatory termination. Though it is undisputed that Purchase is a member of a protected class — she is African-American — and she was terminated from her position, Purchase fails to demonstrate that she was performing her job at a satisfactory level. The record is replete with documentation of her performance shortcomings. Purchase required regular assistance with routine claims, forms she completed frequently contained errors that caused processing delays, and she had difficulty identifying claimants' eligibility. She could not be trusted to honestly record the hours she worked or the breaks she took, and regularly failed to

3

inform her supervisors when she would take leave. Accordingly, as no reasonable factfinder could conclude that Purchase was meeting her employer's legitimate job expectations, we find that the district court did not err in granting summary judgment on Purchase's discriminatory termination claim.

Turning to Purchase's claim of discriminatory denial of training, Purchase submitted no direct evidence that she was trained differently than other employees on the basis of her race. Accordingly, to survive summary judgment, she must demonstrate a prima facie case of discriminatory training under the McDonnell Douglas framework. In order to do so, she must show: "(1) [she] is a member of a protected class; (2) [her employer] provided training to its employees; (3) [she] was eligible for the training; and (4) [she] was not provided training under circumstances giving rise to an inference of discrimination." Thompson v. Potomac Elec. Power Co., 312 F.3d 645, 649-50 (4th Cir. 2002).

After reviewing the record, we find it clear that Purchase failed to present evidence of any denial of training giving rise to an inference of discrimination. Though Purchase contends that her employers "failed to provide [her] with the same training materials provided to similarly situated white employees," a claimant's conclusory allegations are insufficient to establish a genuine issue of material fact. See Thompson,

4

312 F.3d at 649 (noting that "[c]onclusory or speculative allegations do not suffice" to demonstrate a genuine issue of material fact). Moreover, Purchase's allegations are belied by the sworn statements of her supervisors, who maintain that she was trained in the same manner as her fellow trainees, received proper training, and that all trainees received the same training materials. Purchase's supervisors monitored her training and verified its sufficiency. Statements made by Purchase herself confirm that she both received, and successfully completed, extensive training. Accordingly, as no reasonable factfinder could conclude that Purchase was denied training under circumstances giving rise to an inference of discrimination, we find that the district court did not err in granting summary judgment on this claim.

Finally, as Purchase failed to provide direct evidence of discriminatory discipline, she must demonstrate that (1) she engaged in prohibited conduct similar to that of one outside her protected class; and (2) she was disciplined more severely than the other individual. See Lightner v. City of Wilmington, North Carolina, 545 F.3d 260, 264-65 (4th Cir. 2008). Again, our review of the record indicates that Purchase fails to establish a prima facie case. Purchase argues in her complaint that her supervisors "criticized [her] job performance but did not criticize the same conduct of similarly situated employees;"

Purchase told her EEO counselor that she "believe[d] that one white male trainee became a favorite with her supervisor and many errors were overlooked." However, the record is bereft of a single example of such disparate disciplinary treatment.

Moreover, Purchase's supervisors are unanimous in their opinion that the white employee in question performed his duties satisfactorily. Further, that employee submitted a sworn statement indicating that his mentor and his supervisors all reviewed his work performance, and that he did not have any performance problems. Though Purchase contends that resolution of this issue required the district court to make a decision resolving factual issues, Purchase's unsupported allegations, without more, are insufficient to raise an issue of material fact and survive summary judgment. See Thompson, 312 F.3d at 649. Because no reasonable factfinder could conclude that Purchase was disciplined more harshly than similarly situated employees outside her protected class, the district court did not err in granting summary judgment on this issue.

Accordingly, we affirm the district court's order granting the Commissioner's motion for summary judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

6